**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**


**BENJAMIN CARTER**                                                                      **PETITIONER**

**v.**                                                      **Case No. 1:12-cv-01058**

**RAY HOBBS, Director,**                                                              **RESPONDENT**
**Arkansas Department of Correction**


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, BENJAMIN CARTER, (herinafter "Carter") an inmate confined at the Cummins

Unit of the Arkansas Department of Corrections, Grady, Arkansas, filed this Petition for Writ of

*Habeas Corpus* Pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The Respondent was served with a copy

of the Petition and has responded.  ECF No. 6.  The petition was referred for findings of fact,

conclusions of law and recommendations for the disposition of the case.   The Court has reviewed

the Petition, the Response and all exhibits submitted in this case and finds as follows:

**A.  Procedural Background:[1]**

On December 17, 2008, Carter was convicted by a jury of possession of cocaine with intent

to deliver, simultaneous possession of drugs and a firearm, possession of drug paraphernalia,

maintaining a drug premises, and possession of marijuana, in the Circuit Court of Union County,

Arkansas.  Carter was sentenced to life plus ninety-two 92 years imprisonment.  ECF No. 6-3, p. 4-

16.  He timely appealed and his conviction was affirmed by the Arkansas Supreme Court on June

17, 2010.  ECF No. 6-3; *see also Carter v. State*, CR 09-831, 2010 Ark. 293, 367 S.W.3d 544  (Ark.

---

[1]The procedural background is taken from the Petition, Response, the attached exhibits, and matters of
public record regarding this case.

2010).

On September 2, 2010, he timely filed a petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1 in the Circuit Court of Union County, Arkansas.  ECF No. 6-3, p. 18. This Rule 37.1 petition alleged the following grounds of ineffective assistance of counsel:  (1) Counsel interviewed no witnesses, (2) Counsel refused to request a continuance, (3) Counsel failed to investigate facts of case, (4) Counsel failed to move to sever trial of co-defendant, (5) Counsel failed to conduct a zealous cross-examination of the state's witnesses, (6) Counsel's opening statement lacked direction, and (7) Counsel "abdicated" his clients case to co-defendant's counsel.  ECF No. 6-3, pp. 18-26. This post-conviction petition was denied by the state trial court, and Carter then appealed to the Arkansas Supreme Court.  The Arkansas Supreme Court affirmed the state trial court's denial of the Rule 37 Petition on May 19, 2011.  ECF No. 6-4; *see also Carter v. State*, CR 11-290, 2011 Ark. 226 (2011)(*per curium*).

**B.  Current Petition**:

On May 13, 2012,[2] Carter filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court.  He raises the following claims for relief:

(1) There was insufficient evidence to support his conviction;

(2) He was denied right to conflict free counsel;

(3) His convictions are the result of ineffective assistance of counsel in several particulars;

(4) His convictions are the result of prosecutorial and governmental misconduct; and

(5) His sentence is excessive and in violation of the 8th Amendment.

---

[2]While the Petition was filed with this Court on June 8, 2012, it was signed by Carter on May 13, 2012, and the Court assumes without deciding that the same was placed in the prison mail system on that date.

The Respondent asserts the first three claims were "reasonably decided" by the state courts and thus should not be re-examined in a Federal *habeas corpus* proceeding.  Next the Respondent asserts the forth and fifth claims are procedurally defaulted as they were not fairly presented to the state courts for consideration.  Finally, to the extent the fifth claim raises an issue of an illegal sentence under state law, the Respondent asserts this claim does not raise a federal claim.

**C.  Discussion**:

     1.  **One-year Statute of Limitations**: The Respondent does not assert the Petition was untimely.  ECF No. 12.  Further, after review of the record in this case it appears the Petition was in fact timely filed.

     2.  **Insufficient Evidence**: Carter claims there was insufficient evidence to support the underlying criminal convictions.  He raised this argument on his direct appeal to the Arkansas Supreme Court.  Specifically in the instant Petition, he claims the Arkansas Supreme Court, in its direct review of the convictions, applied an improper standard to his insufficient evidence claim.  He claims the state court reviewed the evidence "in a light most favorable to the prosecution" thus denying him equal protection under the United States Constitution.  The Respondent contends the Arkansas Supreme Court used exactly the right standard and thus has "reasonably decided" the claim.

     A state court's decision on the merits of any claim shall bar Federal habeas review of that claim, unless (1) the decision was contrary to or an unreasonable application of clearly established Federal law; or (2) there was an unreasonable determination of the facts in light of the evidence submitted.  *See* 28 U.S.C. 2254 (d).  In this case the Arkansas Supreme Court directly addressed Carter's insufficient evidence claim.  It applied clear Arkansas law instructing that the evidence

should be viewed in "the light most favorable to the verdict, and only evidence supporting the verdict will be considered." *Carter*, 210 Ark. 293 at 4 (citations omitted).    The court went on to state:

> Although circumstantial evidence may provide a basis to support a conviction, it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. Whether the evidence excludes every other hypothesis is left to the jury to decide. The credibility of witnesses is an issue for the jury and not the court. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence.

*Id.* (citations omitted).

These standards, as stated and applied by the Arkansas Supreme Court are in accord with Federal law.   Federal law requires a court to review "the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence. The standard for reviewing a claim of insufficient evidence is strict, and a jury's guilty verdict should not be overturned lightly." *United States v. Wells*, 646 F.3d 1097, 1102 (8th Cir. 2011).   Further, the reviewing court, pursuant to Federal law, should not weigh or assess the credibility of witnesses and can only reverse a verdict if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. *See id.* (citations omitted).

While not stating the rule in the exact words used in the Federal cases, the Arkansas Supreme Court's decision followed those rules of law and was not contrary to clearly established Federal law.

Further, a the Arkansas Supreme Court decision does not demonstrate an unreasonable application of some clearly established Federal law.   The state court reviewed the foregoing principles, then reviewed the evidence supporting the verdict, and concluded the evidence was sufficient to support a guilty verdict.  Carter agues there was only circumstantial evidence against him and further claims the state's witnesses were not credible.  The Court notes there was both

circumstantial and direct evidence of Carter's guilt according to the record here.   Further, the state

court properly did not assess the credibiilty of the state's witnesses, in accord with both Federal and

Arkansas law.  *See Wells*, 646 F.3d at 1102; *Morgan v. State*, 2009 Ark. 257, at 4, 308 S.W.3d 147,

152 (2009).  The state court reasonably found substantial evidence to support the verdict in this case.

Accordingly, this Court should deny Carter's claim of insufficient evidence.

      **3.   Ineffective Assistance of Counsel**: Carter's second and third claims are that he was

denied effective assistance of counsel.  In these claim he raises several ineffective assistance of

counsel claims including, counsel was only appointed 45 days prior to trial, counsel interviewed no

witnesses, counsel refused to request a continuance, counsel did no investigation, counsel refused

to move to sever the case from  a co-defendant, and counsel failed to conduct zealous cross-

examination of witnesses.  He also alleges his counsel was "under the shroud of pending felony

charges" at the time he was appointed to represent Carter.    Carter raised all of these claims in his

state post-conviction proceeding.  The Arkansas Supreme Court, in a *per curium* opinion, denied

these claims as meritless.  *See Carter*, 2011 Ark. 226, at 1.

      As stated above, in order to prevail in a Federal habeas proceeding involving claims already

adjudicated by the state courts, a petitioner must show either (1) the decision was contrary to or an

unreasonable application of clearly established Federal law; or (2) there was an unreasonable

determination of the facts in light of the evidence submitted.  See 28 U.S.C. 2254(d).  In its opinion

the state court correctly set out the Federal standard for effective assistance of counsel, namely, a

petitioner must show first that counsel made serious errors and second the serious errors resulted in

prejudice to the defense.  *See Carter*, 2011 Ark. 226, at 3 (*citing Strickland v. Washington*, 466 U.S.

668 (1984)).   The state court then utilized the two-prong test of *Strickland* and found Carter had

failed to establish ineffective counsel. The state court held in part the Carter raised:

> allegations of ineffective assistance of counsel, which were entirely conclusory in nature in that there was no factual substantiation to demonstrate how counsel's conduct specifically prejudiced the defense. . . failed to offer factual substantiation for the allegations . . . did not explain how the defense was affected [by the alleged failures] . . . Conclusory statements without factual substantiation are insufficient to overcome the presumption that counsel was effective and do not warrant granting postconviction relief.

*See Carter*, 2011 Ark. 226, at 3-4.  Carter failed to meet his burden of proof in the state court proceeding, and he has failed here to show the decision of the state court was contrary to or an unreasonable application of clearly established Federal law.  To the contrary, it appears the state court precisely applied existing Federal law in this case.

      **4.  Prosecutorial and Governmental Misconduct**: Carter next claims his convictions were the result of prosecutorial and governmental misconduct.  Specifically he alleges he was falsely accused of illegal possession of a firearm in 2003, an unrelated case. He alleges he was again falsely accused of crime in 2004.  He claims he went to trial regarding a false charge in 2006 and the result was a hung jury.  He claims he was detained for 62 days in 2006 regarding a charge of conspiracy to commit second degree murder and was released without ever being formally charged.  Finally, he alleges he was falsely accused in the underlying case here. He claims the state acted wrongly in seeking harsh penalties against him by gathering up "enough witnesses under threats of live sentences and coercion to build a case. Carter states this claim is "unconventional" and "sheds light" on the practices of law enforcement in Union County, Arkansas.

      The Respondent asserts this claim has no merit and has been procedurally waived in that it was not fairly presented to the state courts for adjudication.

      Before seeking habeas corpus relief under § 2254, a prisoner ordinarily must "fairly present"

his federal claims to the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).   The burden is

on the petitioner to present the substance of any Federal claims in each appropriate state court

including a state supreme court with powers of discretionary review.  *See Turnage v. Fabian*, 606

F.3d 933, 936 (8th Cir. 2010).  The Eighth Circuit has held: "that [i]n order to fairly present a federal

claim to the state courts, the petitioner must have referred to a specific federal constitutional right,

a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent

federal constitutional issue in a claim before the state courts. . .  If a prisoner fails to present his

federal claims to the state courts, those claims are generally considered procedurally defaulted."

*Turnage*, 606 F.3d at 936 (internal quotations omitted).

It is unclear in this case whether Carter even states a constitutional claim with his assertions

of prosecutorial or governmental misconduct.  Even assuming a constitutional claim has been raised,

it is clear these allegations were not raised in the Arkansas state courts and are thus defaulted.

If a federal *habeas* petitioner can show "cause for the default and actual prejudice as a result

of the alleged violation of federal law, or demonstrate that failure to consider the claims will result

in a fundamental miscarriage of justice[3]," then he overcomes the procedural bar and may proceed

in a federal *habeas corpus* action.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Further, such

a petitioner may be able to proceed if he establishes (1) new and reliable evidence that was not

presented to the state courts, and (2) that in light of the new evidence it is more likely than not that

no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th

Cir. 1997).  This exception  should only be applied in an "extraordinary case."  *Id*.  "The meaning

---

[3]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges.  *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Schlup v. Delo*, 513 U.S. 298, 329 (1995)(citations omitted).

Carter asserts in his Reply to the Response in this case that he has made a substantial showing of actual innocence of the charges and thus established a fundamental miscarriage of justice excusing his default.  ECF No. 11, p. 5-6.  He states the "affidavits of Michael Hunter, Markesia Faison and Rolonda Loggins make a substantial showing of his actual innocence.  The Court will consider these three affidavits:

**Michael Hunter**: In this affidavit Mr. Hunter claims he ran the drug and gambling house where Carter was arrested.  He claims the "dope" and gun in the house were his on the day of Carter's arrest.  ECF No. 1, Ex. 1.

**Markesia Faison**: In her affidavit Ms. Faison claims she was at the residence on the day of Carter's arrest.  She claims Michael Hunter was selling cocaine there.   Carter was there gambling and claimed to have won over $1,000.00.  Carter along with several other people were arrested.  ECF No. 1, Ex. 2.

**Roloand Loggins**: In her affidavit Ms. Loggins states she rented the residence where Carter was arrested for Michael Hunter.  She later found out Hunter was dealing drugs and running a gambling operation out of that residence.   ECF No. 1, Ex. 3.

All of the foregoing affidvits were executed on June 2011.  Carter does not explain or proffer that he learned about these potential witnesses in June 2011.  Two of these witnesses, and the only two actually relevant to Carter's claims regarding the day of his arrest, Michael Hunter and Markesia Faison, were both present on the day Carter was arrested.  He was clearly aware of them as of the

day of his arrest.  This evidence can not reasonably be said to be "newly discovered" some two and one half years later.  Carter has not shown this evidence was previously unavailable.

Further, even if the Court considered the evidence "newly discovered," there was ample evidence of Carter's guilt introduced at the trial to sustain his conviction.  The Court can not say this evidence, even if it were "newly discovered" would demonstrate "that no reasonable juror would have found the defendant guilty."  *Schulp*, 513 U.S. at 329.  Accordingly, Carter's claim of actual innocence must fail.

**5.  Excessive Sentence**: Carter's last claim is that his sentence violates the 8th Amendment in that it is "excessive and disproportionate."  Carter was sentenced to life imprisonment in count 1 for a conviction for which Arkansas's presumptive sentence is 54 months.  He was sentenced in count 2 to 40 years for a conviction for which Arkansas's presumptive sentence is 168 months.  He was sentenced in count 3 to 20 years for a conviction for which Arkansas's presumptive sentence is probation.  He was sentenced in count 4 to 12 years for a conviction for which Arkansas's presumptive sentence is probation.   He was sentenced in count 5 to 20 years for a conviction for which Arkansas's presumptive sentence is 18 months or probation.  Carter further, claims the sentences of Counts 3, 4 and 5 all exceeded the statutory maximum sentences provided for under Arkansas law.  Carter did not raise these claims either on direct appeal or during his state post-conviction proceeding.

The Respondent claims these are state law claims not subject to Federal habeas review. Further, the Respondent asserts these claims have been procedurally defaulted by Carter's failure to raise them in the state courts.

Clearly Carter has procedurally defaulted this claim.  He failed to raise these claims either

in his direct appeal or during his state post-conviction proceeding.  Accordingly, he may proceed

only if he can show cause for his default.  Carter has wholly failed to show cause.  In fact, in his

Reply to the Response in this matter, he fails to address the issue of procedural default in relation

to this claim.  Carter was clearly present at his own sentencing, he appears to have been well

apprised of his sentence throughout the direct appeal process and the post-conviction proceeding.

He failed to raise this issue.  He offers no cause at all for this failure.  Accordingly the Court finds

Carter has procedurally defaulted this claim and has not shown cause for that default.[4]

**D.  Recommendation**:

   Accordingly, based on the foregoing, it is recommended that the instant Petition for Writ of

*Habeas Corpus* Pursuant to 28 U.S.C. § 2254 (ECF No. 1) be in all respects **DENIED**.[5]

   **The parties have ten (10) days from receipt of this Report and Recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the**

**district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

   **DATED** this **30th day of November 2012.**

           /s/ Barry A. Bryant
           HON. BARRY A. BRYANT
           U.S. MAGISTRATE JUDGE

---

[4]Because the Petitioner has failed to establish "cause" for his procedural default the Court need not examine whether he was prejudiced by the default.

[5]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).