IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BENJAMIN CARTER                                                                                        PETITIONER

v.                                             Case No. 1:12-cv-01058

RAY HOBBS, Director, Arkansas
Department of Correction                                                                               RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 14). Judge Bryant recommends Petitioner's Motion Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) be denied. After the time for objections had passed, with no objections filed from either party, the Court adopted the Report and Recommendation *in toto*. (ECF No. 15). Thereafter, Petitioner requested, and the Court granted, an extension of time to file objections. (ECF Nos. 16 & 17). Petitioner filed objections to the Report and Recommendation. (ECF No. 18). After consideration of the newly-filed objections, the Court finds this matter ripe for its consideration.

Carter was convicted by a jury in Union County Circuit Court of drug and firearm offenses. He was sentenced to life plus ninety-two years imprisonment. His conviction was affirmed by the Arkansas Supreme Court. He timely filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. The state trial court denied the petition, and the Arkansas Supreme Court affirmed the denial.

In his Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, Petitioner asserts that (1) there was insufficient evidence to support his conviction; (2) he was denied right to conflict free counsel; (3) his convictions are the result of ineffective assistance of counsel in several particulars; (4) his convictions are the result of prosecutorial and governmental misconduct; and (5) his sentence

is excessive and in violation of the 8th Amendment. Judge Bryant recommends that the Court deny his petition.

Petitioner raises a number of objections. He asserts that the Arkansas Supreme Court utilized the incorrect standard of review, and should have broken down the offenses into their essential elements and review the evidence as to each element. He also asserts that the Arkansas Supreme Court's cursory dismissal of his appeal of the denial of Rule 37 relief was contrary to clearly established law, and he should have been able to present newly discovered evidence. Finally, he objects to the Report and Recommendation's conclusion that his prosecutorial and governmental misconduct claims are procedurally barred.

First, Petitioner asserts that the Arkansas Supreme Court used the incorrect standard of review. Federal law requires a court to review "the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence. The standard for reviewing a claim of insufficient evidence is strict, and a jury's guilty verdict should not be overturned lightly." *United States v. Wells*, 646 F.3d 1097, 1102 (8th Cir. 2011). After review, the Arkansas Supreme Court applied a standard which is in accordance with federal law.

Second, Petitioner asserts that the cursory dismissal of his Rule 37 relief was contrary to clearly established law because he had an ineffective attorney. Petitioner has not made a specific objection to the Report and Recommendation, but has reargued his original petition. After review of the state court proceedings and Petitioner's allegations, the Court finds that Petitioner has failed to demonstrate how the state court proceeding was contrary to or an unreasonable application of clearly established federal law.

Next, Petitioner objects to the recommendation that the affidavits he presents are not newly discovered evidence. However, as the Report and Recommendation makes clear, the two persons

with evidence relevant to his claims were present on the day of Petitioner's arrest. Petitioner was clearly aware of them, and their knowledge cannot be said to be "newly discovered." Petitioner has not demonstrated why this evidence was previously unavailable.

Finally, Petitioner claims that his prosecutorial and governmental misconduct claims are not procedurally barred. After review, Petitioner raises no valid objections to Judge Bryant's Report and Recommendation.

Accordingly, the Order Adopting the Report and Recommendation (ECF No. 15) remains unchanged by these objections. The Report and Recommendation (ECF No. 14) is adopted *in toto*. For the reasons stated herein, as well as the reasons stated in the Report and Recommendation, the Petition for Habeas Corpus Relief (ECF No. 1) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 21st day of January, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge